**IN THE UNITED STATES DISTRICT COURT** FILED
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**  2008 MAR 28 A 11: 31

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY



| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | § § § | |
| **Plaintiff,** | § § | **Civil Action No.** |
| **v.** | § § § | |
| **SAN ANTONIO BUILDING SERVICES & SUPPLIES, LLC,** | § § § | **C O M P L A I N T** **JURY TRIAL DEMAND** |
| **Defendant.** | § | |

SA08CA0257  RF

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of both sex, female, and retaliation and to provide appropriate relief to Norma Jimenez, who was adversely affected by such practices.  More specifically, the Equal Employment Opportunity Commission (the "Commission") alleges that Defendant San Antonio Building Services & Supplies, LLC violated Section 703(a) of Title VII when it terminated the employment of Norma Jimenez from her position as a day porter because of her sex, female. In addition, the Commission alleges that San Antonio Building Services & Supplies, LLC violated Section 704(a) of Title VII when it refused to rehire Norma Jimenez in retaliation for her complaining about or opposing discrimination, for filing a charge of discrimination, and/or for assisting in the investigation of a discrimination complaint.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, San Antonio Division.

## PARTIES

3.      Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant San Antonio Building Services & Supplies, LLC ("SABSS"), has continuously been a Texas Corporation doing business in the State of Texas and the City of San Antonio, and has continuously had at least fifteen employees.

5.      At all relevant times, Defendant SABSS has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Norma Jimenez filed a charge with the Commission alleging violations of Title VII by Defendant SABSS. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     Since at least on or about November 17, 2007, Defendant SABSS engaged in unlawful employment practices at its San Antonio, Texas, facility, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a) and Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) in that Defendant SABSS discriminated against Norma Jimenez by discharging her from the position of day porter because of her sex, female, and then refusing to rehire her in retaliation for her complaining about and/or opposing discrimination, for filing a charge of discrimination and/or for assisting in the investigation of a discrimination complaint.

8.     The effect of the practices complained of in paragraph seven above has been to deprive Norma Jimenez of equal employment opportunities and to otherwise adversely affect her status as an employee and/or applicant for employment because of her sex, female, and in retaliation for opposing such unlawful practices.

9.     The unlawful employment practices complained of in paragraph seven above were intentional.

10.    The unlawful employment practices complained of in paragraph seven above were done with malice or with reckless indifference to the federally protected rights of Norma Jimenez.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant SABSS, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in conduct which results in termination because of sex or any other employment practice which discriminates on the basis of sex;

B.     Grant a permanent injunction enjoining Defendant SABSS, its officers,

successors, assigns, and all persons in active concert or participation with it, from engaging in any form of retaliation for conduct protected by Title VII;

C.      Order Defendant SABSS to institute and carry out policies, practices, and programs, which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices;

D.      Order Defendant SABSS to make whole Norma Jimenez, by providing appropriate back pay with prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, the rightful-place hiring of Norma Jimenez or front pay in lieu thereof;

E.      Order Defendant SABSS to make whole Norma Jimenez, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph seven above, including, but not limited to, relocation expenses, medical expenses and job search expenses, in an amount to be determined at trial;

F.      Order Defendant SABSS to make whole Norma Jimenez by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraph seven above, including, but not limited to, emotional pain, suffering, humiliation, anxiety, inconvenience, mental anguish, and loss of enjoyment of life, in an amount to determined at trial;

G.      Order Defendant SABSS to pay Norma Jimenez punitive damages for its malicious and/or reckless conduct described in paragraph seven above, in an amount to be determined at trial;

H.      Grant such further relief as the Court deems necessary and proper in the public interest; and

I.      Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

JUDITH G. TAYLOR
Supervisory Trial Attorney
Texas State Bar No. 19708300
E-mail: judith.taylor@eeoc.gov

EDWARD JUAREZ
Trial Attorney
Texas Bar No. 24014498
E-mail: eduardo.juarez@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229-3555

Telephone: (210) 281-7613
Facsimile: (210) 281-7669

**ATTORNEYS FOR PLAINTIFF**