IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED

MAY 27 2009

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____ DEPUTY CLERK

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No. SA08CA0257XR |
| SAN ANTONIO BUILDING SERVICES & SUPPLIES, LLC, AND CB RICHARD ELLIS GROUP, INC., AS SUCCESSOR TO THE TRAMMELL CROW COMPANY, | § § § § § § § | |
| Defendants. | § | |

## CONSENT DECREE

The parties to this Consent Decree are the Plaintiff, United States Equal Employment

Opportunity Commission ("EEOC") and Defendant, San Antonio Building Services & Supply,

LLC ("SABSS"). This Consent Decree resolves the allegations raised by the EEOC's Second

Amended Complaint in the above-referenced Civil Action No. SA08CA0257XR as to Defendant

SABSS.

The EEOC initiated this lawsuit under Title VII of the Civil Rights Act of 1964, as

amended and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices

on the basis of both sex, female, and retaliation and to provide appropriate relief to Norma

Jimenez, who was adversely affected by such practices. More specifically, the EEOC alleged that

both SABSS and CB Richard Ellis Group Inc., as successor to the Trammell Crow Company,

acting individually and in concert, violated Section 703(a) of Title VII by terminating the

employment of Norma Jimenez from her position as a day porter because of her sex, female. In

addition, the EEOC alleged that SABSS violated Section 704(a) of Title VII when it refused to rehire Norma Jimenez in retaliation for her complaining about or opposing discrimination, for filing a charge of discrimination, and/or for assisting in the investigation of a discrimination complaint.

The EEOC and SABSS wish to settle this action, without the necessity of further litigation as to the claims against SABSS, pursuant to the terms delineated in this Decree. SABSS asserts that by entering into this Consent Decree, it makes no admission of liability or wrongdoing, and makes no admission that the conduct was discriminatory or illegal.

IT IS ORDERED, ADJUDGED AND DECREED as follows:

1.      This Court has jurisdiction of the subject matter of the claims and causes of action asserted by the EEOC against Defendant SABSS, venue is proper, and all administrative prerequisites to the EEOC's filing its Second Amended Complaint have been met.

2.      This Consent Decree resolves all issues raised in the EEOC's Second Amended Complaint as to Defendant SABSS. The EEOC waives further litigation of all issues raised in the EEOC's Second Amended Complaint as to Defendant SABSS regarding Charge No. 360-2006-00431. The EEOC expressly reserves its right, however, to process and litigate any other charges which may now be pending or may in the future be filed against Defendant SABSS.

3.      Defendant SABSS, its officers, successors, assigns, and all persons in active concert or participation with it is hereby enjoined from engaging in conduct which results in termination because of sex or any other employment practice which discriminates on the basis of sex.

4.      Defendant SABSS, its officers, successors, assigns, and all persons in active concert or participation with it is hereby enjoined from engaging in any form of retaliation for conduct protected by Title VII.

2

5.    Non-discrimination Policies: Defendant SABSS shall ensure that within ninety (90) days of the entry of this Consent Decree, that its non-discrimination policies meet the following criteria:

(a)    Specifically state that Defendant SABSS prohibits discrimination against female employees on the basis of sex particularly with regard to discharges or terminations;

(b)    State that retaliating against employees who report discrimination is prohibited; and

(c)    Provide for discipline for violating Defendant SABSS's anti-discrimination policies up to and including discharge.

6.    Defendant SABSS shall, in settlement of this dispute, pay a total sum of $15,000.00 (FIFTEEN THOUSAND DOLLARS), which will be paid and apportioned as follows:

(a)    Upon execution of the Consent Decree by all signatories, Defendant SABSS shall pay Two Thousand Five Hundred Dollars ($2,500.00) to Norma Jimenez.

(b)    On July 22, 2009, Defendant SABSS shall pay Two Thousand Five Hundred Dollars ($2,500.00) to Norma Jimenez.

(c)    On September 22, 2009, Defendant SABSS shall pay Two Thousand Five Hundred Dollars ($2,500.00) to Norma Jimenez.

(d)    On November 22, 2009, Defendant SABSS shall pay Two Thousand Five Hundred Dollars ($2,500.00) to Norma Jimenez.

(e)    On January 22, 2010, Defendant SABSS shall pay Two Thousand Five Hundred Dollars ($2,500.00) to Norma Jimenez.

(f)    On March 22, 2010, Defendant SABSS shall pay Two Thousand Five Hundred Dollars ($2,500.00) to Norma Jimenez.

(g)    Payments shall be made by direct deposit to Norma Jimenez's bank account. Account and routing numbers necessary for these transactions shall be communicated confidentially.

7.    If Defendant SABSS fails to tender payment or otherwise fails to timely comply with the terms of paragraph 6 above, Defendant SABSS shall:

(a)     Pay interest at the rate calculated pursuant to 26 U.S.C. Section 6621(b) on any untimely or unpaid amounts; and

(b)     Bear any additional costs incurred by the EEOC caused by the non-compliance or delay of Defendant SABSS.

8.      A copy of bank transmittal documents for each payment shall be forwarded to the EEOC to the attention of Judith G. Taylor, Supervisory Trial Attorney, 5410 Fredericksburg Rd., Suite 200, San Antonio, Texas 78229. Norma Jimenez releases her claims, arising under Charge No. 360-2006-00431 and included in the EEOC's Second Amended Complaint, against SABSS in return for the payments.

9.      SABSS, its agents, employees and officers, agree to cooperate with the EEOC in its prosecution of its claims against CBRE including and not limited to providing Mr. John Setar's truthful testimony at trial as well as the testimony of any of other employees' who are under SABSS's control.

10.     Within one hundred and eighty (180) days from the date of this Consent Decree, Defendant SABSS shall provide at least six (6) hours of training to its employees, about sex-based employment discrimination, how to ensure that employees are not terminated because of their sex, and about the prohibition against retaliating against employees who report discrimination. Kala S. Dumont shall conduct this training.  Within twenty (20) days after the training has been completed, Defendant SABSS shall provide to the EEOC certification that the training has been completed, identifying each individual who attended the training and the date.

11.     Defendant SABSS agrees to distribute a notice to all current employees of SABSS, as well as any employees newly hired by SABSS during the term of the Consent Decree. This notice is set forth in Exhibit "A," which is attached to this Consent Decree.

12.     The EEOC shall have the right to ensure compliance with the terms of this

4

Consent Decree and may, upon five days notice to SABSS:

    (a)    Interview employees; and

    (b)    Examine and copy relevant documents.

13.    Defendant SABSS shall bear the costs associated with administering and implementing the provisions of this Consent Decree.

14.    The terms of this Consent Decree shall be binding upon the EEOC and SABSS, its agents, officers, employees, servants, successors, and assigns, as to the issues resolved herein.

15.    The duration of this Consent Decree shall be two (2) years from the date of its filing with the Court.   The Court shall retain jurisdiction of this case during the term of this Consent Decree to enforce compliance and to take any action necessary and/or appropriate for its interpretation, execution, modification and/or adjudication of disputes.

16.    The parties to this Consent Decree shall bear their own costs and attorney's fees incurred in this action as of the date of entry of this Consent Decree by the Court.

17.    When this Consent Decree requires the submission by SABSS of documents or other materials to EEOC, such documents or other materials shall be mailed to Judith G. Taylor, Supervisory Trial Attorney, 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229.

SO ORDERED AND ENTERED this 27th day of _____May_____, 2009.

 

HONORABLE XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

5

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

**SAN ANTONIO BUILDING
SERVICES & SUPPLY, LLC**

GWENDOLYN YOUNG REAMS
Associate General Counsel

By: _____
John D. Setar

_____
ROBERT A. CANINO
Regional Attorney    *w/permission*
Oklahoma State Bar No. 011782

_____
KALA S. DUMONT
Attorney-at-Law
State Bar No. 17902450

_____
JUDITH G. TAYLOR
Supervisory Trial Attorney
Texas State Bar No. 19708300
E-mail:  judith.taylor@eeoc.gov

GAUL AND DUMONT
924 Camaron
San Antonio, Texas 78212
Telephone:  (210) 225-0685
Facsimile:  (210) 320-3445

_____
EDWARD JUAREZ
Senior Trial Attorney
Texas State Bar No. 24014498
E-mail: eduardo.juarez@eeoc.gov

**ATTORNEYS FOR DEFENDANT
SAN ANTONIO BUILDING SERVICES
& SUPPLY, LLC**

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Antonio Field Office
5410 Fredericksburg Rd., Ste 200
San Antonio, TX 78229-3555
Telephone: (210) 281-7613
Facsimile: (210) 281-7669

_____
NORMA JIMENEZ
**CHARGING PARTY**

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A

**POLICY:**   Discrimination of any kind can and often will detract from an employee's job performance, discourage employees from remaining on the job, keep employees from advancing in their careers and lower overall employee morale and productivity.  It is the policy of San Antonio Building Services & Supply, L.L.C. that discrimination and retaliation are unacceptable conduct and will not be condoned.

**PURPOSE:**   It is the purpose of this policy to reaffirm and amplify the position of Title VII of the Civil Rights Act of 1964, as amended, and the Equal Employment Opportunity Commission's guidelines on discrimination and/or retaliation and to reiterate San Antonio Building Services & Supply, L.L.C.'s policy against discrimination and/or retaliation.

**SCOPE:**   This policy extends to all employees of San Antonio Building Services & Supply, L.L.C., including management, non-management, temporary and/or probationary.

**DEFINITION:** Discrimination occurs when an employment decision is made based on a person's race, national origin, gender, color, religion, age or disability rather than on legitimate factors.  In particular, discrimination occurs when an employee is terminated because of his or her sex.

**RESPONSIBILITY:** Each level of management is responsible for ensuring that all personnel policies, procedure, and activities are in full compliance with applicable federal, state, and local equal employment laws, statute, rules, and regulations regarding discrimination and retaliation. Employees are expected to read, understand, and follow the policies that San Antonio Building Services & Supply, L.L.C. has established to prevent discrimination and retaliation.

**REPORTING PROCEDURES:** Any employee who believes that he or she has been subjected to discrimination and/or retaliation is expected to report the alleged act as soon as possible to that person's immediate supervisor or any supervisor or manager with San Antonio Building Services & Supply, L.L.C.

In addition to reporting a complaint of discrimination and/or retaliation to company officials, a person may also contact U.S. Equal Employment Opportunity Commission, and file a charge of employment discrimination.  The address and telephone number of the EEOC office is 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229; 1 (866) 408-8075, 1 (800) 669-4000 OR 1 (210) 281-7610 (TTY).  Information about employment rights and the procedures dealing with how to file a charge is available on the Internet at www.eeoc.gov.